UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| EUGENE KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:01-CV-670 PS |
| | ) | |
| DAVID RYANS, in his individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Eugene King submitted a complaint under 42 U.S.C. § 1983 against the South Bend Police Officer David Ryans, alleging that he used excessive and unnecessary force when he arrested Mr. King. The parties have filed cross-motions for summary judgment pursuant to Fed. R. Civ. P. 56, addressing the plaintiff's federal law claims. [Docs. 65 and 59]. The case boils down to who the finder of fact will believe. King was deposed and told one story; Ryans submitted an affidavit telling an altogether different story. Because we cannot make credibility determinations at the summary judgment stage of the proceedings, both parties' motions are DENIED.

**I. FACTUAL BACKGROUND**

Mr. King alleges in his complaint that on January 6, 2001, Officer Ryans told him to exit his vehicle. According to the complaint, after he got out of his vehicle, Officer Ryans pushed Mr. King against the vehicle, began hitting him, and then threw him to the ground and kicked him. The complaint asserts that Officer Ryans's conduct violated the Fourth Amendment and the Fourteenth Amendment's due process clause. Mr. King's complaint also asserts a supplemental state law claim for battery.

## II. DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324.

In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996); *Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir. 2003).

### A. Legal Standards

Mr. King asserts that Officer Ryans's conduct violated the Fourth Amendment and the Fourteenth Amendment's due process clause. "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Conner,* 490 U.S. 386, 394 (1989). "*All* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" *Id.* at 395 (emphasis in original). The Fourteenth

Amendment's due process clause protects pretrial detainees from excessive use of force, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from excessive use of force. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Robinson v. Moses*, 644 F. Supp. 975 (N.D. Ind. 1986).

Mr. King's allegations arise from an arrest or investigatory stop of a free citizen, so the court will treat his allegations as a Fourth Amendment claim rather than a Fourteenth Amendment claim. Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)).

**B. Plaintiff's summary judgment motion**

Officer Ryans submits an affidavit stating his version of events in which he contradicts the factual allegations presented in the complaint. In his affidavit, Officer Ryans states that on January 6, 2001, he observed Mr. King driving at a high rate of speed, pulled him over, and approached his vehicle. When he reached the side of the vehicle, "King placed his left hand inside of his left coat pocket. I made repeated demands that King remove his hand from his coat pocket but he refused." (Ryans Aff. ¶ 6). Officer Ryans states that Mr. King's actions caused him to be concerned for his safety and when he started to arrest Mr. King by forcefully removing him from his vehicle "[a]n altercation between the two of us ensued in which I placed King on the ground, but he quickly jumped back up bumping into my chest in the process." (Ryans Aff. ¶ 8). Officer Ryans states that he "made one blow to the side of King's head and placed him on the ground again and was able to handcuff him." (Ryans Aff. ¶ 9). When he searched Mr. King's left coat pocket, Officer Ryans states that he found a substance that later proved to be crack cocaine. Officer Ryans concludes that "[i]n arresting King, I employed only that amount of force I felt was necessary to restrain King and effectively place him under arrest." (Ryans Aff. ¶ 11).

3

"The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Conner*, 490 U.S. at 396. The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, *see Bell*, 441 at 559, but the question is 'whether the totality of the circumstances" justifies the officers' actions. *Graham*, 490 U.S. at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)).

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Graham,* 490 U.S. at 396, (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.)). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Graham v. Conner,* 441 U.S. at 497; *Swanson v. Fields*, 814 F.Supp. 1007, 1018 (D. Kan. 1993), *affirmed*, 13 F.3d 407 (10th Cir. 1993) ("the test is not what in hindsight seems prudent, but what a reasonable officer would do in the heat of the moment.")

In considering whether any genuine issues of material fact exist, a court must view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. *McGinn,* 102 F.3d at 298. When there are dueling affidavits, provided the affidavits are based on personal knowledge and meet other evidentiary requirements, summary judgment is not appropriate. *Payne*, 337 F.3d at 773.  Here, if the Court accepts the version of events stated in Officer Ryans's affidavit as true, as it must when dealing with Mr. King's summary judgment motion, the evidence most favorable to Officer Ryans, as the nonmoving party, suggests that his actions were 'objectively reasonable' in light of the facts and circumstances confronting him and establishes that Mr. King is not entitled to summary judgment on his excessive use of force claim.

Mr. King also suggests in his memorandum that "the seizure of the cocaine detected in

4

Plaintiff's pocket during the patdown search" violated the Fourth Amendment and that evidence should have been suppressed. (Plf. memo. at p. 5). Mr. King's complaint, however, does not present a Fourth Amendment search claim. The complaint is directed solely toward the allegedly excessive use of force in the arrest.

### C. Officer Ryans's summary judgment motion

The same analysis applies to Officer Ryans's motion for summary judgment. Officer Ryans states that he relies upon the pleadings, his own affidavit, and the parties' depositions. As noted in the Court's discussion of the plaintiff's summary judgment motion, Officer Ryans's affidavit contains an elaborate statement of his version of events, in which he asserts that Mr. King resisted arrest and that he used only minimal force necessary to arrest Mr. King. In the deposition taken of Mr. King by the defendant, Mr. King gives his version of events under oath. Mr. King states in his deposition that after he got out of his car, Officer Ryans started roughing him up and shoving him, without explanation, and when Mr. King asked him what he was doing, "the fists started flying." (King Dep. at pp. 7, 9). Mr. King states that Officer Ryans then threw him to the ground and kicked him. (King. Dep. at pp. 9, 12). Mr. King denies resisting arrest or trying to hit Officer Ryans. (King Dep. at p. 13). According to Mr. King, "everything I did was defensive. Trying to keep him from knocking my teeth, what few teeth I have left out." (King Dep. at p. 10). According to Mr. King, he suffered a gash in his face that required stitches (King Dep. at p. 13), and he believes he had an injury on his arm as well. (King Dep. at p. 14).

In considering whether any genuine issues of material fact exist, a court must view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. *McGinn*, 102 F.3d at 298. This case is very similar to *Payne*, 337 F.3d 767. In that case the district court granted summary judgment for the defendant officer in an excessive force case. The Seventh Circuit reversed because the plaintiff submitted an affidavit which contradicted the officer's version of events.

5

In this case, if the Court accepts the version of events stated in Mr. King's deposition as true, as it must when dealing with Officer Ryans's summary judgment motion, the evidence most favorable to Mr. King, as the nonmoving party, suggests that Officer Ryans used excessive force without warning or justification and that Mr. King did not resist arrest, but only tried to prevent injury to himself. Accordingly, the Court cannot say as a matter of law that Officer Ryans is entitled to summary judgment on Mr. King's excessive use of force claim under the standards of *Graham v. Conner*.

In summary, we are left with a swearing contest. The police officer says one thing and Kings says another. Only a jury can resolve that dispute.

**Qualified Immunity**

The defendant contends, alternatively, that he is entitled to judgment based on qualified immunity. Qualified immunity is immunity from suit rather than a mere defense to liability. *Katz v. Saucier*, 533 U.S. 194, 200-201 (2001); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Gregorich v. Lund*, 54 F.3d 410, 413 (7th Cir. 1995). Government officials performing discretionary functions are shielded from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Determining qualified immunity in an excessive use of force case involves a two-step test. *Katz*, 533 U.S. at 199. First, the court decides whether, under the facts alleged by the plaintiff, the officer violated a Constitutional right. "If a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id*. at 201. If the state of the law when the incident occurred would not put an officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate. "If an officer reasonably, but mistakenly, believed that a suspect was likely to fight back, for instance, the officer would be justified in using more force than was in fact, needed." *Id*. at 205.

The defendant argues that he pulled Mr. King over for speeding. When he approached the

6

vehicle, Mr. King put a hand inside of his coat pocket and refused Officer Ryans's demand to remove his hand, causing him to be concerned for his safety. When Officer Ryans forcefully removed Mr. King from his vehicle, an altercation ensued. According to Officer Ryans, he hit King once on the side of his head, placed him on the ground, and handcuffed him. Officer Ryans states that he used only the minimum amount of force he felt was necessary to restrain Mr. King. This may all be true, but Mr. King's deposition presents a very different version of events. According to Mr. King, Officer Ryans, without even speaking to him started roughing him up and shoving him. When Mr. King asked him what he was doing, Officer Ryans hit Mr. King and then threw him to the ground and kicked him. Mr. King denies resisting arrest.

Officer Ryans presents a serious qualified immunity argument based on *Katz v. Saucier*, and if his recitation of events is true, he might well be entitled to qualified immunity. But, as the court has already noted, when reviewing a summary judgment motion, it must accept the nonmoving party's version of events as true, and "extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party." *Matsushita*, 475 U.S. at 586.

Mr. King says he didn't resist arrest and that Officer Ryans roughed him up and hit him for no reason and then kicked him as he lay on the ground unresisting. Excessive and unnecessary use of force in 2001 during an arrest where the arrestee does not resisting or evading arrest violates clearly established constitutional rights of which a reasonable person would have known. *Payne*, 337 F.3d at 779. Accepting Mr. King's version of events as true and giving him the inferences to which he is entitled, Officer Ryans's actions were not objectively reasonable, and violated clearly established rights of which a reasonable person would have been aware.

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** both the plaintiff's summary judgment motion [Doc. 65] and the defendant's motion for summary judgment [Doc. 59].

**SO ORDERED**.

ENTERED: August 17 2005

                                             S/ Philip P. Simon  
                                            PHILIP P. SIMON, JUDGE  
                                            UNITED STATES DISTRICT COURT